IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREE JANKOWSKI, <br><br> Plaintiff, <br><br> vs. <br><br> NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, <br><br> Defendant. | 4:23CV3168 <br><br> MEMORANDUM AND ORDER |

Plaintiff Lauree Jankowski filed a Complaint on September 7, 2023, while she was incarcerated. Filing No. 1. Plaintiff was subsequently released and given leave to proceed in forma pauperis as a non-prisoner on October 24, 2023. Filing No. 11. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff sues the Nebraska Department of Correctional Services ("NDCS") "in the manner of a FTCA Federal Tort Claim" "for employment discrimination as per [her] original charge made directly to the [Equal Employment Opportunity Commission ("EEOC")]." Filing No. 1 at 1–2 (capitalization altered). Plaintiff was employed at the NDCS as a Corrections Corporal at the Nebraska State Penitentiary ("NSP") from March 11, 2020, to January 1, 2021. Plaintiff alleges that beginning in September 2020, after she completed her six-month probationary period, and through the end of her employment in January 2021, she "repeatedly reported acts of stalking, harrassment [sic], and sexual misconduct by coworkers within the facility, causing personal terror and unsafe working conditions." Id. at 4. Specifically, Plaintiff received an "unrequited

sexual proposition" from a co-worker, was "followed around the facility . . . in the manner of stalking" by another co-worker who also "threatened to kill [her]," and experienced other "odd" and "bizarre" events that made Plaintiff uncomfortable, culminating in Plaintiff being sexually assaulted by three different co-workers outside the facility. *Id*. at 5–6, 8.

Plaintiff repeatedly requested to be transferred out of the NSP to a different facility, but her requests were denied. *Id*. at 9. Plaintiff quit her employment as she felt "unsafe and uncared for," but later "regretted [her] choice" and lobbied to be reinstated. *Id*. at 10–11. Plaintiff's reinstatement request was denied, and she instead received an eight-month blacklist for potenti[al] to be re-hirable," which was extended another eight months in August 2021. *Id*. at 11.

As relief, Plaintiff seeks punitive and monetary damages from NDCS, including "restitution for material loss of wages." *Id*. at 13.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d

968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Plaintiff sues NDCS for damages for employment discrimination under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), but her Complaint can also be read as asserting an employment discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. As explained below, Plaintiff cannot maintain suit against NDCS under the FTCA, and, to the extent Plaintiff seeks relief under Title VII, she has failed to show that her claim was timely filed.

**A. FTCA**

"The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674). However, the United States is the only proper defendant in an action asserting a FTCA claim. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA] . . . ."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994); *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002). "Through the FTCA, the federal government waived *its own* sovereign immunity as to certain tort claims." *Ford v. Fam. Servs.*, No. 4:20-CV-778-SPM, 2020 WL 6708524, at *3 (E.D. Mo. Nov. 16, 2020) (emphasis in original). NDCS is an agency of the State of Nebraska, and the Court lacks subject matter jurisdiction to consider Plaintiff's claims under the FTCA against NDCS. *See Id.* ("The FTCA does not address the sovereign immunity of the states.").

**B. Title VII**

Liberally construed, Plaintiff's Complaint alleges a sex discrimination claim under Title VII,[1] which makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

---

[1] Though NDCS is a state agency, Plaintiff's Title VII claim is not barred by sovereign immunity as "Title VII, through Section 5 of the Fourteenth Amendment, abrogates a state's Eleventh Amendment sovereign immunity." *Krei v. Nebraska*, 446 F. Supp. 3d 499, 505 (D. Neb. 2020) (citing *Maitland v. University of Minn.*, 260 F.3d 959, 964 (8th Cir. 2001)).

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To pursue discrimination claims under Title VII, a plaintiff must exhaust all administrative remedies. To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). 42 U.S.C. § 2000e-5(f)(1) (Title VII). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. *Id*. In Title VII cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. *Id*. The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff alleges she filed a charge of discrimination with the EEOC and received a "Determination of Charge issued by [the] EEOC," which the Court assumes is a right-to-sue notice. Filing No. 1 at 1. However, Plaintiff has not filed a copy of her right-to-sue notice nor has she set forth the date on which she received a right-to-sue notice from the EEOC with respect to her charge of discrimination. Thus, the Court cannot determine whether Plaintiff filed her Title VII claim in a timely manner in this Court. However, the Court will grant Plaintiff leave to correct this deficiency as set forth below.

## IV.  REQUEST FOR APPOINTMENT OF COUNSEL

In her Complaint, Plaintiff included a request for the appointment of counsel. Filing No. 1 at 3.  "There is no constitutional or statutory right to appointed counsel in civil cases." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony."  Recca v. Omaha Police Dep't, 859 F. App'x 3, 4 (8th Cir. 2021) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as this case is still in its early stages and the only issue under consideration is the timeliness of Plaintiff's Title VII claims.  As such, Plaintiff's request for appointment of counsel shall be denied without prejudice to reassertion.

## V.  CONCLUSION

Plaintiff cannot maintain an action pursuant to the FTCA against NDCS, and her FTCA claim will be dismissed.  To the extent Plaintiff alleges a Title VII claim, she has failed to demonstrate that her claim is timely filed.  On the Court's own motion, the Court will permit Plaintiff 30 days in which to file a copy of her right-to-sue notice with the Court.  In the alternative, Plaintiff may amend her complaint to allege whether she

exhausted her administrative remedies with the EEOC/NEOC and, if so, the date on which she received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

IT IS THEREFORE ORDERED that:

1. Plaintiff's FTCA claims are dismissed.

2. Plaintiff will have until **January 13, 2025**, to file a copy of any right-to-sue notice received from the EEOC/NEOC. In the alternative, Plaintiff may amend her complaint by **January 13, 2025**, to allege whether she exhausted her administrative remedies with the EEOC/NEOC and, if so, the date on which she received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff may use the enclosed form civil complaint for employment discrimination if she wishes.

4. The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 7 "Complaint for Employment Discrimination."

5. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

6. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **January 13, 2025**: Check for Plaintiff's amended complaint and response.

Dated this 12th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge